UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA
*ex rel.* PETER HUESEMAN,

        Plaintiff,

        v.                                                      No. SA-14-CA-00212-XR

PROFESSIONAL COMPOUNDING
CENTERS OF AMERICA, INC.,

        Defendant.

## STIPULATED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

      Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern the inadvertent disclosure of information produced in discovery subject to a claim of privilege. This Order clarifies for this action the effect of disclosure of privileged information and provides a framework for resolving disputes, if any, that might arise as to information produced in discovery that is subject to a claim of privilege.

      The Court hereby orders pursuant to Federal Rule of Evidence 502(d) that the mere production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protections, as well as all other protection afforded by Federal Rule of Civil Procedure 26(b), and governmental privileges. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from

withholding from production any document covered by any applicable privilege or other protection.

The parties recognize that in this action, each party will review and disclose large quantities of information and documents through the discovery process. The parties have met and conferred and agree to take reasonable efforts to prevent the production of documents or information entitled to attorney-client privilege, work product protection, or any other legally recognized protections. Despite such reasonable efforts, the parties have agreed that in the event privileged or protected documents or information are produced, the mere production of such documents or information during the course of this litigation shall not constitute a waiver of such privilege or protection.

**I.  DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, means all documents made available for review or produced in any manner during this litigation, and documents previously produced to the United States by any party during the United States' investigation of this matter.

**II.  PROCEDURES**

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that appears on its face to be privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return, destroy, or sequester the document, depending on the circumstances described below. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party. If the

receiving party already disclosed the document to another person or entity, the receiving party shall promptly take reasonable steps to retrieve all copies of the document, notify the person or entity to whom the document was disclosed that the document is privileged and must not be further disclosed or used, and notify the producing party of this disclosure and the efforts to recover the document.

2. If the producing party determines that a document, or part thereof, that it has produced, is subject to a privilege or is otherwise protected, the producing party shall promptly give the receiving party notice of the claim of privilege in writing, or oral notice if notice must be delivered at a deposition ("privilege notice"). The producing party agrees that it will not contend that the receiving party (or its counsel or agents) is tainted by the receipt or review of the privileged or protected documents.

3. The privilege notice must contain information sufficient to identify the document, including, if applicable, a Bates number as well as identification of the privilege or protection asserted and its basis. To be effective, the privilege notice shall be provided within a reasonable time, but no later than 30 days after the producing party reasonably discovers the production of the privileged or otherwise protected document.

4. Upon receiving the privilege notice, if the receiving party does not intend to challenge the privilege assertion, the receiving party must promptly return or destroy all copies of the specified document. The receiving party must also destroy any notes taken about the document. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will take reasonable steps to sequester such information until the claim has been resolved.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The receiving party shall sequester all copies of the disputed document(s), as well as all notes taken about the document, and shall not use the disputed document(s) in the litigation (e.g., as an exhibit to a pleading; in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim. The receiving party must file its motion within 30 days from the date of the producing party's notice. The producing party though, not the moving party, bears the burden of proving the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information contained in the document(s) for any purpose and shall not disclose such information to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the privilege assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. In the event a producing party discovers during a deposition that it produced or may have produced information that is privileged or otherwise protected, the receiving party may use the information during the deposition, but the producing party may request that all testimony emanating from the information be marked "Protected" by the court reporter. The producing party shall then have ten (10) business days from the date of the deposition to send the receiving party a privilege notice pursuant to Paragraphs 2–3 above. The parties shall then follow the procedures set forth in Paragraphs 4–6 above.

8. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

9. This Order does not preclude a party from voluntarily waiving the attorney-client privilege, work product protection, or other available privilege or protection. The provisions of Federal Rule of Evidence 502(a) apply when the producing party voluntarily uses information protected by the attorney-client privilege or work-product protection to support a claim or defense.

10. Nothing in this Order shall prevent or in any way limit or impair the obligation or right of counsel for the United States to disclose any potential violation of federal, state, or local statute, rule, regulation, ordinance, or any other law to any authorized representative of the United States or any of its agencies, without leave of Court or agreement of the parties.

11. This Order supersedes any Federal Rule of Evidence 502 agreements previously entered into between any of the parties and covers all documents previously produced by a party to another party in connection with this matter, including all documents previously produced to the United States by any party during the United States' investigation of this matter.

**IT IS SO ORDERED.**

DATED: November 28, 2022

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE