UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* PETER HUESEMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE #: 5:14-cv-00212-XR |
| | § | |
| PROFESSIONAL COMPOUNDING | § | |
| CENTERS OF AMERICA, INC., | § | |
| Defendant. | § | |

**DEFENDANT'S UNOPPOSED MOTION TO TEMPORARILY SEAL
DEFENDANT'S MOTION TO UNSEAL AND TWO EXHIBITS THERETO**

Ironic as it might seem, Defendant Professional Compounding Centers of America, Inc. ["PCCA"] files this Motion, pursuant to ¶ 22 of the Court's Stipulated Protective Order, Doc. 104, to temporarily seal its Motion to Unseal, Doc. 148, and the two exhibits that were filed in support of that Motion. In support of the same, it shows the Court the following.

**Certificate of Conference**

This motion is based on two telephone conferences between PCCA's counsel and Government counsel. In the first, at approximately 5:25 P.M. on Friday, November 10, 2013. Mr. Bhambhani called to say that he had just read PCCA's Motion to Unseal, and he was calling Mr. Vickery's attention to the fact that the two exhibits attached thereto were actually marked as "Confidential" pursuant to the Protective Order. He asked Mr. Vickery to promptly file a Motion to Temporarily Seal the exhibits in accordance with the Protective Order. Mr. Vickery apologized for the oversight and inadvertent filing and assured Mr. Bhambhani that he would do so. By telephone call to the ECF department, Mr. Vickery's office was able to obtain a temporary seal on the two exhibits. On Monday November 13, 2023, counsel had a follow up conversation involving both these exhibits and the Government's claim of attorney client privilege with regard to a portion of one of the two exhibits. Although Government counsel seemed to be satisfied with the sealing

of the two exhibits, out of an abundance of caution, considering that the Motion itself quoted portions of the "protected" documents, PCCA's counsel decided that the better course of action would be to simply seek a temporary seal on the Motion, Doc. 148, in addition to the two exhibits. By express terms of the Stipulated Protective Order, Doc. 104, this temporary seal on the motion and both exhibits will, in the absence of some motion by the Government and ruling by the Court, expire in 30 days. PCCA assumes the Court will grant this unopposed motion by Text Order in accordance with its standard practice.

With regard to the privilege issue, as discussed with counsel in their second conversation, PCCA will file the Motion challenging same, in accordance with the Court's Stipulated Order, Doc. 105, within the time provided by that Order.

## It is All Still the Public's Business

It is, of course, both embarrassing and ironic that the two documents inadvertently filed without a seal were filed in support of a motion to unseal numerous filings by the Government and Orders by this Court. The fact of the matter is that the two documents in question were used by Mr. Vickery in the November 6, 2023 deposition of Mr. Richie Ray. This was because both documents showed TRICARE's reactions to the information Mr. Ray had shared with them at the October 21, 2013, meeting between Mr. Ray and the top leaders at TRICARE. Obviously, Mr. Vickery did not snap to the confidentiality designation at that time. If he had, he would have said something to Government counsel about it. However, neither of the two Government counsel present at that deposition asked that those documents be placed under seal or that the testimony concerning them be sealed, as paragraph 8 of the Protective Order contemplates.

Frankly, there is nothing truly "confidential" about the documents and no need for them to be "protected" from public scrutiny for any longer than the 30-day period specified in the Protective Order, unless, of course, the Government sustains its burden to establish an attorney

client privilege. After the expiration of that period, absent some filing by the Government that satisfies the requirements of the Court's Order regarding privileges, Doc. 105, and Local Rule CV-5.2 and overcomes its presumption that court filings under seal are "disfavored", the documents will, by express provision of the Protective Order, be unsealed.

Respectfully submitted,

**VICKERY & SHEPHERD, LLP**

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
10000 Memorial Drive, Suite 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
*Lead Counsel for Defendant*

Johnny Sutton
Texas Bar No. 19534250
**ASHCROFT LAW FIRM**
919 Congress Ave., Suite 1325
Austin, TX 78701
Telephone: 512-370-1800
Facsimile: 512-397-3290
Email: jsutton@ashcroftlawfirm.com
*Co-Counsel for Defendant*

Certificate of Service

      I hereby certify that on November 13, 2023 Defendant PCCA's Unopposed Motion to Temporarily Seal Defendant's Motion to Unseal and Two Exhibits Thereto was electronically filed with the Clerk of Court using the ECF system, that will send an email notification of such filing to the following counsel of record:

Jamie A. Yavelberg, Esq.
Commercial Litigation Branch
P. O. Box 261
Washington, DC  20044

John Deck, Esq.
Mary F. Kruger, Esq.
UNITED STATES ATTORNEY'S OFFICE
601 NW Loop 410 Suite 600
San Antonio, TX 78216

Sanjay M. Bhambhani, Esq.
DEPARTMENT OF JUSTICE
Civil Division, Room 3740
10th & Pennsylvania Ave., N.W.
Washington, DC  20530

Glenn Grossenbacher, Esq.
LAW OFFICE OF GLENN GROSSENBACHER
24165 IH-10 W., Suite 217-766
San Antonio, TX  78257-1160

John E. Murphy, Esq.
Attorney at Law
14439 NW Military Hwy., #108-133
San Antonio, TX  78231

Gary M. Grossenbacher, Esq.
ATTORNEY AT LAW
402 Vale Street
Rollingwood, TX  78746

Jason M. Idell, Esq.
IDELL PLLC
6800 Westgate Blvd., Suite 132
Austin, TX  78745

Rand J. Riklin, Esq.
GOODE CASSEB RIKLIN
 CHOATE &WATSON, P.C.
2122 North Main Avenue
San Antonio, TX  78212-9680

Ronald E. Osman, Esq.
RONALD E. OSMAN & ASSOCIATES, LTD.
P. O. Box 939
Marion, IL  62959

Alicia M. Barrs, Esq.
BARNES & THORNBURG, LLP
2121 North Pearl Street, Suite 700
Dallas, TX  75201

Anthony J. Burba, Esq.
BARNES & THORNBURG, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michael A. Battle, Esq.
David A. Frazee, Esq.
BARNES & THORNBURG, LLP
555 12th St. NW, Suite 1200
Washington, DC 200

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery