UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER HUESEMAN, Plaintiff, | § § § § |
| v. | § § CASE #: 5:14-cv-00212-XR |
| PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC., Defendant. | § § § § |

## DEFENDANT'S AMENDED ANSWER

Pursuant to Rule 15(a)(2), FED. R. CIV. P., and with approval from the Court, Defendant PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC. ["PCCA'] files this Amended Answer to assert a statute of limitations defense that is now viable as a result of the August 21, 2023, decision of the United States Court of Appeals for the Fifth Circuit in *United States ex. Rel. Aldridge v. Corp. Mgmt., Inc.*, No. 21-60568, 2023 WL 5343778, at *13 (5th Cir., Aug. 21, 2023)[hereinafter *Aldridge*]. The following paragraphs asserting this defense are hereby added to the Answer, Doc. 113, which is otherwise unchanged.

**ELEVENTH AFFIRMATIVE DEFENSE – "STATUTE OF LIMITATIONS"**

The statute of limitations for FCA cases (including civil claims brought pursuant to the AKS) is either (1) six years from the date of violation, or (2) three years from the date that the Government knew, or reasonably should have known of the violation, "but in no event more than 10 years after the date on which the violation is committed." 31 U.S.C. § 3731(b). In a "qui tam" case like the one at bar, "relation back" to the Relator's filing date is permitted only "to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person. 31 U.S.C. § 3731(c).

Relator Hueseman's Original Complaint was filed on March 10, 2014. Thus, the three-year period of subsection 3731(b)(2) ran out on March 9, 2017. The Government's Complaint in Partial Intervention was filed on November 1, 2021. [Doc.66]. It specifically alleges that TRICARE made a major change in its reimbursement policies for compounded medications on or about May 1, 2015. Doc. 66 at ¶ 170. The Government's First Supplemental Rule 26 Disclosures claim damages from the "time period January 1, 2012 to May 31, 2015." Thus, it is indisputable that the Complaint in Intervention was filed SIX YEARS AND FIVE MONTHS after the last alleged damages were sustained by the Government.

Here, as in *Aldridge, supra,* the allegations of Relator Hueseman's Original Complaint are far, far different from those of the Government's Complaint in Partial Intervention filed seven and a half years later. "Thus, the upshot of the Government's complaint was 'to fault (Appellants)[PCCA] for conduct different from that' alleged by Aldridge [Hueseman]." *Aldridge, supra.* "Rather than 'clarifying' or 'adding detail' to the relator's initial allegations, the Government's intervening complaint set forth new ones. Those new claims do not relate back under § 3731(c) to the date of Aldridge's [Hueseman's] original complaint." *Id.*

With regard to the alternative avenue around limitations, i.e., "tolling" all that need be said for purposes of this Amended Answer is that the juridical facts are even more "egregious" and "inexcusable" than the ones branded as such by the Fifth Circuit in *Aldridge.*

For these reasons, in this case, as in *Aldridge,* "the FCA's statute of limitations applies to bar the Government's claims against Appellants accruing before . . . , six years prior to when the Government filed its first intervenor complaint, and the damages awarded against Appellants [PCCA] must be ~~remitted~~ [precluded] accordingly." *Id.*

WHEREFORE, Defendant PCCA prays that upon proper motion, that Plaintiff United States of America and Relator Peter Hueseman take nothing, that this suit be dismissed with prejudice, and for all other relief to which Defendant is entitled.

Respectfully submitted,

**VICKERY & SHEPHERD, LLP**

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
10000 Memorial Drive, Suite 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
*Lead Counsel for Defendant*

Johnny Sutton
Texas Bar No. 19534250
ASHCROFT LAW FIRM
919 Congress Ave., Suite 1325
Austin, TX 78701
Telephone: 512-370-1800
Facsimile: 512-397-3290
Email: jsutton@ashcroftlawfirm.com
*Co-Counsel for Defendant*

Certificate of Service

I hereby certify that on November 13, 2023, Defendant's Amended Answer was electronically filed with the Clerk of Court using the ECF system, that will send an email notification of such filing to the following counsel of record:

Jamie A. Yavelberg, Esq.
Commercial Litigation Branch
P. O. Box 261
Washington, DC 20044

John Deck, Esq.
Mary F. Kruger, Esq.
UNITED STATES ATTORNEY'S OFFICE
601 NW Loop 410 Suite 600
San Antonio, TX 78216

Sanjay M. Bhambhani, Esq.
DEPARTMENT OF JUSTICE
Civil Division, Room 3740
10th & Pennsylvania Ave., N.W.
Washington, DC 20530

Glenn Grossenbacher, Esq.
LAW OFFICE OF GLENN GROSSENBACHER
24165 IH-10 W., Suite 217-766
San Antonio, TX 78257-1160

John E. Murphy, Esq.
Attorney at Law
14439 NW Military Hwy., #108-133
San Antonio, TX 78231

Gary M. Grossenbacher, Esq.
ATTORNEY AT LAW
402 Vale Street
Rollingwood, TX 78746

Jason M. Idell, Esq.
IDELL PLLC
6800 Westgate Blvd., Suite 132
Austin, TX 78745

John E. Clark, Esq.
Rand J. Riklin, Esq.
GOODE CASSEB RIKLIN
 CHOATE & WATSON, P.C.
2122 North Main Avenue
San Antonio, TX 78212-9680

Ronald E. Osman, Esq.
RONALD E. OSMAN & ASSOCIATES, LTD.
P. O. Box 939
Marion, IL 62959

Alicia M. Barrs, Esq.
BARNES & THORNBURG, LLP
2121 North Pearl Street, Suite 700
Dallas, TX 75201

Anthony J. Burba, Esq.
BARNES & THORNBURG, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michael A. Battle, Esq.
David A. Frazee, Esq.
BARNES & THORNBURG, LLP
555 12th St. NW, Suite 1200
Washington, DC 20004-1275

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery