IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* PETER HUESEMAN, | § | |
| | § | |
| Plaintiff, | § | SA-14-CA-212-XR |
| | § | |
| v. | § | |
| | § | |
| PROFESSIONAL COMPOUNDING | § | |
| CENTERS OF AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

**UNITED STATES' OPPOSITION TO PCCA'S MOTION TO UNSEAL
DOCUMENTS PERTAINING TO THE GOVERNMENT'S INVESTIGATION**

The United States opposes PCCA's motion to unseal all docket entries related to the United States' pre-suit investigation to determine whether the government may avail itself of the FCA's tolling provision. *See* ECF No. 148 at 1. PCCA's motion is premature and unnecessary. The motion pertains to PCCA's Motion for Summary Judgment on Statute of Limitations Defense. ECF No. 154. In that motion, PCCA asserted two separate limitations arguments: (1) the government's claims are untimely because they do not relate back to the relator's original complaint; and (2) the limitations period for the government's claims is not "tolled" under the False Claims Act's tolling provision. *See* ECF No. 154.

In its motion to unseal, PCCA contends that unsealing the documents is necessary to adjudicate the second ground regarding the tolling provision. PCCA acknowledges that the Court need not consider the sealed documents at issue to adjudicate whether the Government's claims are timely under relation back. As PCCA concedes, if the United States' claims are timely under

the FCA's relation back provision, "there is no concern that the Court would have to consider sealed pleadings, motions, or orders[.]" *Id.* at 2.

The government's opposition to PCCA's motion is not due until December 1, 2023.[1] Nevertheless, the government previously briefed the relation back issue in its opposition to PCCA's motion for the leave to amend its answer. *See* ECF Nos. 140, 142. In that briefing, the government contended that both complaints allege the same conduct, transactions, and occurrences against PCCA: the entity that perpetrated the fraud (PCCA), the conduct at issue (fraudulent AWP pricing), the means used to perpetrate the scheme (inflating AWP and marketing the spread), the impacted government program (TRICARE), and the time period of the scheme (2012 to 2015).

The Court granted PCCA leave to amend its Answer.[2] But the Court also indicated that it was unlikely to find the government's claims are untimely. *See* Oct. 30, 2023 H'rg Tr. at 38:2–4. The United States will provide a fulsome response based on its relation back argument in its forthcoming opposition to PCCA's motion for summary judgment. *See* ECF No. 154. Whether the government's claims relate back to the relator's original complaint is a question of law that does not necessitate any further factual development or discovery. The Court need only compare the two complaints to resolve the legal question of whether the relation back provision applies. *See United States ex rel. Aldridge v. Corp. Mgmt., Inc.*, 78 F.4th 727, 742 (5th Cir. 2023). Because

---

[1] The United States has sought an extension of the deadline to respond to PCCA's motion for summary judgement regarding its statute of limitations defense until December 8, 2023. PCCA is unopposed to the government's request. *See* ECF No. 157.

[2] PCCA filed an amended answer. ECF No. 150. Afterwards, the Court directed PCCA to file by November 17 "a single, operative pleading in the form of an amended and restated answer, that accurately reflects PCCA's remaining defenses." ECF No. 152. It does not appear that PCCA filed an answer in accordance with those instructions.

relation back is clear, the government does not anticipate relying on the FCA's tolling provision. Accordingly, consideration of PCCA's motion to unseal is both premature and unnecessary.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny PCCA's Motion to Unseal.

DATED: November 24, 2023

Respectfully submitted,

| | |
|---|---|
| JAIME ESPARZA<br>United States Attorney<br>Western District of Texas | MICHAEL D. GRANSTON<br>Deputy Assistant Attorney General<br>Civil Division |
| */s/ John M. Deck*<br>JOHN M. DECK<br>Assistant United States Attorney<br>Texas Bar No. 24074120<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216<br>Tel: (210) 384-7388<br>Fax: (210) 384-7322<br>john.deck@usdoj.gov<br><br>MARY F. KRUGER<br>Georgia Bar No. 6282540<br>Assistant United States Attorneys<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216<br>Tel: (210) 384-7630<br>Fax: (210) 384-7322 | */s/ F. Elias Boujaoude*<br>JAMIE A. YAVELBERG<br>NATALIE A. WAITES<br>SANJAY BHAMBHANI<br>DANIELLE L. SGRO<br>NATHAN P. GREEN<br>F. ELIAS BOUJAOUDE<br>Attorneys, Civil Division<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>Post Office Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-0804<br>f.e.boujaoude@usdoj.gov<br><br>*Attorneys for the United States* |

**CERTIFICATE OF SERVICE**

I certify that, on November 24, 2023, I served the foregoing document via CM/ECF on all counsel of record registered to receive CM/ECF notifications.

                                                 */s/ John M. Deck*
                                                 John M. Deck