UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA          §
*ex rel.* PETER HUESEMAN,          §
       Plaintiff,          §
                   §
v.          §          CASE #: 5:14-cv-00212-XR
                   §
PROFESSIONAL COMPOUNDING          §
CENTERS OF AMERICA, INC.,          §
       Defendant.          §

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON STATUTE OF LIMITATIONS DEFENSE**

In all honesty, there is truly little reason for an extensive reply from Defendant PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC. [PCCA] on this Motion. The Government's Response, Doc. 165, fails to address the "crux" argument that is essential under *United States ex. Rel. Aldridge v. Corp. Mgmt., Inc.*, 78 F.4th 727 (5th Cir. 2023), [hereinafter *Aldridge*]. Instead, it reiterates the fact that the Hueseman Complaint did use the phrases "inflated AWP" and "market the spread." However, fairly read in that pleading they are simply "naked assertions" and do not adequately delineate the crux of the case that Hueseman was alleging. The Government also seems to suggest that the Fifth Circuit did not embrace the *Miller* holding from the D.C. Circuit: "PCCA cites [*Miller*] . . . to support its argument that government FCA claims can only relate back to plausible claims in relator's complaint. Even if that were the rule in the D.C. Circuit, the Fifth Circuit in Aldridge did not adopt it*."* Doc. 265 at FN3, page 10/13.

The following quote, citing *Miller,* belies that argument: "By contrast, relation back is generally improper when, though a new pleading shares some elements in common with the original pleading, it faults the defendant for conduct different than that alleged in the original complaint. *Miller*, 608 F.3d at 881. That is the scenario here." *Aldridge, supra*  78 F.4th at 743.

The Government's FN3 similarly suggests that relation back does not require that the original pleading establish "plausibility."  However, the *Miller* court's holding is not an isolated opinion from another Circuit.  Rather, it rests squarely on the foundation of the Supreme Court's holdings in *Iqbal* and *Twombly*: "[I]t would also, we note, circumvent the recent teachings of *Iqbal* and *Twombly* by allowing amendments to relate back to allegations that were themselves nothing more than 'naked assertions.'"  *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 882 (D.C. Cir. 2010).[1]

Exhibit B contains all of Hueseman's allegations regarding PCCA.  It is a classic example "naked assertions" that are not plausible under *Iqbal* and *Twombly*."  A holding that allegations that became "plausible" only when sufficiently articulated in the Government's pleading "related back" to conclusory statements that lacked sufficient plausibility would violate not only *Miller*, but *Iqbal* and *Twombly* themselves.  In this regard, PCCA acknowledges that the Court found the *Government's* allegations plausible.  Doc. 109.  But that is because it was the factual allegations in the Government's pleading that transformed conclusory, and thus *im*plausible allegations against PCCA in the Relator's pleadings into allegations that could meet the *Iqbal/Twombly* standard.  Once transformed, the Government's allegations met the dismissal standard.  But for limitations purposes, the Government's pleadings cannot retroactively render the Relator's conclusory statements plausible, and thus an appropriate pleading to which the Government's pleading can relate back *to*.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## Conclusion

The Government's case is time barred under the clear teachings of recent, binding Fifth Circuit authority.[2]  Although PCCA requested oral argument on this motion, in all candor, the issue is so clearly joined by the briefs that – although we always enjoy argument and appreciate the opportunity to be before the Court, PCCA is comfortable with the Court's ruling now based on the pleadings and arguments therein.  With respect, it is time for this 9+ year odyssey to end.

Respectfully submitted,

**VICKERY & SHEPHERD, LLP**

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
10000 Memorial Drive, Suite 750
Houston, TX  77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
*Lead Counsel for Defendant*

Johnny Sutton
Texas Bar No. 19534250
ASHCROFT LAW FIRM
919 Congress Ave., Suite 1325
Austin, TX 78701
Telephone: 512-370-1800
Facsimile: 512-397-3290
Email: jsutton@ashcroftlawfirm.com
*Co-Counsel for Defendant*

---

[2]  PCCA's counsel believe that a decision granting this motion is not only defensible in the Fifth Circuit, but, indeed, is compelled by the *Aldridge* opinion.  Therefore, although we would prefer to defend it in the Fifth Circuit in the procedural posture as an appellee from a Final Judgment that removes the case from this Court's docket, as a matter of courtesy for and candor with the Court, PCCA advises that, if the Court denies this Motion, it will respectfully request that the Court certify that decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Certificate of Service

I hereby certify that on December 11, 2023, Defendant's Reply Brief in Support of Motion for Summary Judgment on Statute of Limitations Defense was electronically filed with the Clerk of Court using the ECF system, that will send an email notification of such filing to the following counsel of record:

Jamie A. Yavelberg, Esq.
Commercial Litigation Branch
P. O. Box 261
Washington, DC  20044

John Deck, Esq.
Mary F. Kruger, Esq.
UNITED STATES ATTORNEY'S OFFICE
601 NW Loop 410 Suite 600
San Antonio, TX 78216

Sanjay M. Bhambhani, Esq.
DEPARTMENT OF JUSTICE
Civil Division, Room 3740
10th & Pennsylvania Ave., N.W.
Washington, DC  20530

Glenn Grossenbacher, Esq.
LAW OFFICE OF GLENN GROSSENBACHER
24165 IH-10 W., Suite 217-766
San Antonio, TX  78257-1160

John E. Murphy, Esq.
Attorney at Law
14439 NW Military Hwy., #108-133
San Antonio, TX  78231

Gary M. Grossenbacher, Esq.
ATTORNEY AT LAW
402 Vale Street
Rollingwood, TX  78746

Jason M. Idell, Esq.
IDELL PLLC
6800 Westgate Blvd., Suite 132
Austin, TX  78745

Rand J. Riklin, Esq.
GOODE CASSEB RIKLIN
 CHOATE &WATSON, P.C.
2122 North Main Avenue
San Antonio, TX  78212-9680

Ronald E. Osman, Esq.
RONALD E. OSMAN & ASSOCIATES, LTD.
P. O. Box 939
Marion, IL  62959

Alicia M. Barrs, Esq.
BARNES & THORNBURG, LLP
2121 North Pearl Street, Suite 700
Dallas, TX  75201

Anthony J. Burba, Esq.
BARNES & THORNBURG, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michael A. Battle, Esq.
David A. Frazee, Esq.
BARNES & THORNBURG, LLP
555 12th St. NW, Suite 1200
Washington, DC 20004

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery