IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA           )
*ex rel.* PETER HUESEMAN,           )
                                    )
    Plaintiff,           )
                                    )     **SA-14-CA-212-XR**
    v.                   )
                                    )
PROFESSIONAL COMPOUNDING            )
CENTERS OF AMERICA, INC.,           )
                                    )
                                    )
    Defendant.           )

**UNITED STATES' RESPONSE TO PCCA'S MOTION
FOR RELIEF FROM ADR**

PCCA's motion for relief from ADR (Dkt. 163) seeks that it be exempted from the ADR requirement in the Amended Scheduling Order.  The government has no objection to PCCA's request yet files this response to address two statements in PCCA's motion that are incorrect.

***First***, at no time has the government stated it will not commit to attend the mediation with someone who has authority to "negotiate a settlement" required by Rule CV-88.  Settlements with the government require an official with requisite authority to approve the terms before the government can sign a binding settlement document.  But federal courts have routinely recognized the impossibility of having senior DOJ leadership attend every mediation or ADR where the United States is a party.  They have further recognized that DOJ attorneys are capable of fully negotiating on behalf of the United States at ADR even though formal authority to enter into a settlement requires approval by senior DOJ leadership.  In this case, prior to this motion, PCCA has never even raised the issue of who would attend an ADR with the government.

1

***Second***, the government has never stated that there is a policy that it will "only explore settlement on an 'ability to pay' basis.'" (Dkt. 163, page 1). The government will explore settlement on terms that do not require an ability to pay analysis, but pointed out to PCCA's counsel that given extraordinary amount of loss caused by PCCA's conduct there may be issues with the company's ability to pay. PCCA acknowledged as much in its motion stating it is not capable of paying even the lowest single damages calculation. (Dkt. 163, page 2). The DOJ has an established process for assessing an appropriate settlement amount when a defendant asserts an inability to pay; as a courtesy, the government has explained the mechanisms of that process to PCCA's counsel.

With those corrections to the record, the government has no objection to PCCA's motion and request to be excused from ADR.

Dated: December 14, 2023.                         Respectfully submitted,

JAIME ESPARZA                                     MICHAEL D. GRANSTON
United States Attorney                            Deputy Assistant Attorney General
Western District of Texas                         Civil Division

/s/ Mary F. Kruger                                /s/ Sanjay Bhambhani
MARY F. KRUGER                                    JAMIE ANN YAVELBERG
Georgia Bar No. 6282540                           NATALIE A. WAITES
Assistant United States Attorneys                 SANJAY BHAMBHANI
601 N.W. Loop 410, Suite 600                      DANIELLE L. SGRO
San Antonio, Texas 78216                          NATHAN P. GREEN
Tel: (210) 384-7630                               F. ELIAS BOUJAOUDE
Fax: (210) 384-7322                               Attorneys, Civil Division
JOHN M. DECK                                      Commercial Litigation Branch
Assistant United States Attorney                  Post Office Box 261
Texas Bar No. 24074120                            Ben Franklin Station
601 N.W. Loop 410, Suite 600                      Washington, D.C.  20044
San Antonio, Texas 78216                          Tel: (202) 307-0804
Tel: (210) 384-7388                               f.e.boujaoude@usdoj.gov
Fax: (210) 384-7322
john.deck@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that, on December 14, 2023, I served the foregoing document via CM/ECF on all

counsel of record registered to receive CM/ECF notifications.


*/s/ John M. Deck*
John M. Deck