**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| *ex rel.* **PETER HUESEMAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE #: 5:14-cv-00212-XR** |
| | ) | |
| **PROFESSIONAL COMPOUNDING** | ) | **Judge Xavier Rodriguez** |
| **CENTERS OF AMERICA, INC.,** | ) | |
| **Defendant.** | ) | |

## PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC'S RULE 26 DISCLOSURE OF EXPERT WITNESSES

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Court's June 20, 2023 Second Amended Scheduling Order (Doc. 127) and the Court's November 25, 2023, Order (Doc. 155), Defendant, Professional Compounding Centers of America, Inc. ("PCCA"), hereby designates the following individuals through whom PCCA has determined it may offer evidence under Federal Rules of Evidence 702, 703, or 705:

**1. Dorothy DeAngelis**

Dorothy DeAngelis
Ankura
201E. Washington Street, Suite 1700
202Phoenix, AZ 85004

Ms. DeAngelis is a Senior Managing Director at Ankura Consulting Group, LLC ("Ankura") and the leader of Ankura's Healthcare and Life Sciences practice. She will provide testimony in accordance with her report. With over 30 years of experience, Ms. DeAngelis has substantial experience in the pharmaceutical industry, including but not limited to reviewing and analyzing TRICARE claims data submitted by compound pharmacies. Her expert opinions are

based on her skill, knowledge, training, education and professional judgment. Ms. DeAngelis charges a rate of $750 per hour for her time, which is paid to Ankura.

### 2. Scott Carr, Ph.D.

Scott Carr, Ph.D
Ankura
2000 K Street NW, 12th Floor
Washington, DC 20006

Dr. Carr is a Senior Managing Director at Ankura and is the leader of Ankura's Competition and Class Actions practice. He has decades of economic analysis and statistical modeling experience, including but not limited to healthcare insurance and reimbursement. Dr. Carr will provide testimony in accordance with his report. His expert opinions are based on his skill, knowledge, training, education and professional judgment. Dr. Carr charged a flat fee of $100,000 for time to write an expert report, which is paid to Ankura. If deposed, Dr. Carr will charge a flat fee of $15,000 for his time, which is also paid to Ankura.

### 3. William Wallace

Mr. Wallace has not been specifically retained to provide expert testimony in this case. Rather, he is a regular consultant for PCCA. Mr. Wallace's duties do not regularly involve giving expert testimony and PCCA did not specially engage Mr. Wallace to provide expert testimony. His compensation for his work on this case is within the ambit of his normal consulting contract with PCCA.

Mr. Wallace has extensive senior level executive experience across multiple healthcare segments, including his role as a SVP at Medco, from 2004 until its acquisition by Express Scripts in 2012. Therefore, he has extensive knowledge about how PBM's

operate, including specific knowledge about the Medco pharmacy benefits systems, including its claims processing database, prior to its acquisition by Express Scripts in 2012.

In addition, Mr. Wallace served as EVP of Diplomat Pharmacy, then the nation's largest independent specialty pharmacy, where he oversaw sales & marketing, mergers and acquisitions, and strategy, from 2013 to 2015. During that time, Diplomat Pharmacy also operated a significant compounding pharmacy operation.

Since November of 2016, Mr. Wallace has served as a consultant for PCCA.

Mr. Wallace will provide factual expert testimony explaining the nature of the PBM business, and particularly the nature of the relationship between the PBM and its client or "plan sponsor," in this case TRICARE. He will testify that a top tier PBM is always monitoring the costs of claims and will take immediate measures whenever they escalate abnormally. Those measures would include immediate notification of the Plan Sponsor and recommendations for actions to be taken to implement cost controls. Specifically he will testify that it is absolutely unthinkable that TRICARE's compounding costs escalated in the manner alleged by the Government without someone at the very highest levels of ESI communicating with top management at TRICARE, receiving marching orders from TRICARE, and implementing them.

In this regard, Mr. Wallace has reviewed the depositions of both Admiral McGinnis and Nancy Gilbride in this case, the three page letter dated November 18, 2013, from PCCA member pharmacist Richie Ray to Admiral McGinnis, and Ms. Gilbride's testimony regarding same. Mr. Wallace is of the opinion that Ms. Gilbride did do what a good PBM should do insofar as monitoring costs, keeping her sponsor advised, and following the sponsor's actions.

Moreover, it is clear that, if the Admiral had presented Ms. Gilbride with Mr. Ray's letter, or any other plan that would both keep the incredible benefits of compound medications available to TRICARE beneficiaries and save the Government enough money to make it financial sustainable, that she and those under her supervision at ESI would have taken reasonable steps to achieve those goals.

Further, Mr. Wallace will opine that, if presented with the option of either having all claims rejected or working with the PBM to lower costs, any reasonable pharmacy would agree to the latter.

If, as alleged by the Government, the PBM kept paying claims at ever increasing rates, that would be indicative of the fact that the amount of those claims simply was not material to the Plan Sponsor in the overall scheme of things.

Mr. Wallace will testify that in his experience ESI is a very competent and reputable PBM.  Indeed, he selected them in 2018 as the PBM for HealthSmart, then the nation's largest independent third party administrator (TPA), at which Mr. Wallace served as EVP and a member of the Board of Directors.  During the pendency of this case Mr. Wallace reached out to his friend and former Medco colleague, Tim Wentworth, the former CEO of ESI.  Although Mr. Wentworth agreed with the foregoing opinions, because he was not the one at ESI with personal knowledge of the TRICARE contract and relationship, he referred Mr. Wallace to Ms. Nancy Gilbride.  Ms. Gilbride was the top executive at ESI who had charge of the TRICARE contract and relationship.

Mr. Wallace has now reviewed the deposition testimony of Ms. Gilbride in this case and it corroborates both the opinions expressed herein, and the fact that both ESI and TRICARE were acutely aware of the rising costs of compound prescriptions throughout

the 2012-15 period.  Ms. Gilbride was in regular contact with TRICARE Director Admiral McGinnis and ESI followed their directions in adjudicating and paying claims.

Her testimony also corroborates Mr. Wallace's opinion that the TRICARE staff's answer to Senate Staffer Edward Norton's questions, as contained in the attachment to the 10/23/2013 email, Bates Nos. US_00064732-33, i.e. the implication that TRICARE was powerless to require ESI to save taxpayer monies is simply wrong.  TRICARE certainly had the authority at that time to require its PBM to implement cost savings measures, to include the "AWP - 60%" recommendation of Mr. Richie Ray.

Mr. Wallace will testify that by 2012 it was common knowledge within the pharmaceutical industry that no one paid full AWP.  It was a "sticker" price and there was no statute, regulation or other authority setting forth the manner in which it was to be set or published.  Indeed, it was very common within the industry for PBM's to have contracts with suppliers to pay them based on published AWPs, minus a substantial discount.  There were also other ways that were commonly used to mitigate or control rising costs.  These would include a "maximum compensation exceeded" script along the lines described by Ms. Gilbride in her deposition.  That is, in effect, a computerized safety net to keep the PBM from paying out too much money.  However, in this case it was apparently over-ridden by "Prior Authorizations."  Mr. Wallace certainly agrees with Ms. Gilbride's testimony that no PBM would override such a cost saving measure without express approval and direction from the plan sponsor.

Finally, Mr. Wallace will explain for the Jury that when a claims adjudication platform of a PBM approves a presented claim for payment that it normally records the

"basis" for the payment in the proper column in the electronic database. This is typically a three letter code. The code for a claim that was paid on the basis of AWP is "AWP."

Because ESI had the TRICARE contract, Medco never adjudicated any TRICARE claims. However, it did handle claims for other plan sponsors and it did assign codes in its computer system to the "basis" of the payments. One of the codes used there was "ACQ" which denoted "acquisition cost." Medco used this code in situations in which the contract with the pharmacy actually required submission of the invoices reflecting acquisition prices. Payment would be made for those costs plus a level of effort or "dispensing fee" to compensate the pharmacy.

In this case, the ESI data that has been produced by the Government shows that, of the 399,809 total claims paid that have been put in issue by the Government, only 402 claims were adjudicated and paid based on "AWP". The total of those claims was $921,063. By contrast, ESI approved 280,021 claims based on ACQ. The total of those claims was $511,846,609. ACQ is not AWP.

This designation has been prepared by PCCA counsel with information provided by the witness. Mr. Wallace has read and approved the designation and is prepared to offer testimony consistent with it.

Dated:  December 18, 2023


Respectfully submitted,

BARNES & THORNBURG LLP

By:  *s/ Michael A. Battle*
Michael A. Battle
David A. Frazee
Barnes & Thornburg, LLP
555 12th Street, N.W.
Suite 1200
Washington, D.C. 20004-1275
Telephone: (202) 408-6922
Fax: (202) 289-1330
dfrazee@btlaw.com
mbattle@btlaw.com

Alicia M. Barrs
Barnes & Thornburg, LLP
2121 North Pearl Street, Suite 700
Dallas, TX 75201
Telephone: (214) 258-4105
Alicia.barrs@btlaw.com

Anthony J. Burba
Barnes & Thornburg, LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone: (312) 338-5908
Tony.burba@btlaw.com

*Counsel for Defendant PCCA*

**CERTIFICATE OF SERVICE**

I certify that on this December 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the counsel of record.

Jamie A. Yavelberg, Esq.
Commercial Litigation Branch
P. O. Box 261
Washington, DC  20044

John Deck, Esq.
Mary F. Kruger, Esq.
UNITED STATES ATTORNEY'S OFFICE
601 NW Loop 410 Suite 600
San Antonio, TX 78216

Sanjay M. Bhambhani, Esq.
DEPARTMENT OF JUSTICE
Civil Division, Room 3740
10th & Pennsylvania Ave., N.W.
Washington, DC  20530

Glenn Grossenbacher, Esq.
LAW OFFICE OF GLENN GROSSENBACHER
24165 IH-10 W., Suite 217-766
San Antonio, TX  78257-1160

John E. Murphy, Esq.
Attorney at Law
14439 NW Military Hwy., #108-133
San Antonio, TX  78231

Gary M. Grossenbacher, Esq.
ATTORNEY AT LAW
402 Vale Street
Rollingwood, TX  78746

Jason M. Idell, Esq.
IDELL PLLC
6800 Westgate Blvd., Suite 132
Austin, TX  78745

Rand J. Riklin, Esq.
GOODE CASSEB RIKLIN
 CHOATE & WATSON, P.C.
2122 North Main Avenue
San Antonio, TX  78212-9680

Ronald E. Osman, Esq.
RONALD E. OSMAN & ASSOCIATES, LTD.
P. O. Box 939
Marion, IL  62959

Arnold Anderson Vickery
Texas Bar No. 20571800
Earl Landers Vickery
Texas Bar No. 20571900
10000 Memorial Drive, Suite 750
Houston, TX  77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
Email: lanny@justiceseekers.com

Johnny Sutton
Texas Bar No. 19534250
ASHCROFT LAW FIRM
919 Congress Ave., Suite 1325
Austin, TX 78701
Telephone: 512-370-1800
Facsimile: 512-397-3290
Email: jsutton@ashcroftlawfirm.com

*By:  s/ Michael A. Battle*