IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER HUESEMAN *Plaintiff* <br><br> -vs- <br><br> PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC., *Defendant* | § § § § § § § § § § § <br><br> SA-14-CV-00212-XR |

## ORDER STAYING CASE

On this date, the Court considered the status of this case.

Although the case is set for a jury trial to begin on August 19, 2024, the Court observes that there are several live motions that must be resolved before this case can proceed to trial, including:

(1) PCCA's motion to certify an interlocutory appeal of the Court's order denying PCCA's motion to dismiss this case under Rule 41(b) (ECF No. 223);

(2) The Government's motion to exclude the testimony of PCCA expert William Wallace (ECF No. 207);

(3) The Government's motion to exclude the testimony of PCCA experts Dorothy DeAngelis and Dr. Scott Carr (ECF No. 227); and

(4) The Government's motion for partial summary judgment (ECF No. 230).

With respect to the Government's second Daubert motion (ECF No. 227) and its motion for summary judgment (ECF No. 230), the parties have agreed to (and the Court has permitted) an extension of the briefing schedule such that the motions will not be ripe until July 12, 2024—approximately two weeks before the pretrial order must be submitted. *See* ECF No. 231; Text Order (May 23, 2024); ECF No. 194.

The extensions to the briefing deadlines do not afford the Court sufficient time to rule on the pending motions, nor do they afford the parties sufficient time to adjust their trial preparations in accordance with the Court's rulings. Thus, in the interest of efficiency, the Court concludes that all deadlines and settings in this case (other than briefing deadlines) should be stayed pending the Court's resolution of the outstanding motions (ECF Nos. 207, 227, and 230).

Further, given the possible outcomes of the pending motions, the interest of judicial economy would be best served by an omnibus interlocutory appeal of all of the Court's orders to which the parties object rather than piecemeal attacks, which would likely result in successive stays, remand orders, and further delays in a case that has already been pending for more than a decade. Accordingly, PCCA's motion to certify an interlocutory appeal (ECF No. 223) is denied without prejudice to filing a renewed motion following the Court's ruling on the remaining live motions.

## CONCLUSION

Accordingly, all deadlines (other than briefing deadlines) and settings in this case (including trial) are hereby **STAYED** pending further order of the Court.

PCCA's motion to certify an interlocutory appeal (ECF No. 223) is **DENIED WITHOUT PREJUDICE** to filing a renewed motion following the Court's ruling on the remaining live motions.

Within fourteen days of the Court's order on the last of the three live motions (ECF Nos. 207, 227, 230), the parties may file motions for leave to certify an interlocutory appeal of any rulings to which they object.

It is so **ORDERED**.

**SIGNED** this 5th day of June, 2024.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE