IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER HUESEMAN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | SA-14-CA-212-XR ) ) |
| PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC., | ) ) ) ) ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO PCCA'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In its Notice of Supplemental Authority, PCCA contends that the First Circuit's recent decision in *United States v. Regeneron Pharmaceuticals, Inc.*, No. 23-2086, 2025 WL 520466, -- F.4th --, (1st Cir. Feb. 18, 2025) "militate[s] in favor of denying the Government's pending Motion for Summary Judgment." ECF No. 259 at 1. PCCA is incorrect. The decision provides no basis to deny the government's motion for partial summary judgment (ECF No. 230), which this Court should grant.

To start, the *Regeneron* court considered only the "meaning of the words 'resulting from' as used in a 2010 amendment to the federal Anti-Kickback Statute (AKS)[.]" 2025 WL 520466, at *1. The amendment provides that "a claim that includes items or services resulting from a violation of [the AKS] constitutes a false or fraudulent claim for purposes of" the FCA. 42 U.S.C. § 1320a-7b(g). The court concluded "that, to demonstrate falsity under the 2010 amendment, the government must show that an illicit kickback was the but-for cause of a submitted claim." 2025 WL 520466, at *10. The court thus agreed with Regeneron's argument that "if a [provider] would

1

have purchased (and sought reimbursement for) [the drug] anyway, then the subsequent Medicare claim cannot have 'result[ed] from' Regeneron's allegedly illicit payments." *Id.* at *1.

The court, however, acknowledged "the 2010 amendment did not disturb alternative theories of FCA liability (e.g., false certification)." *Id*. at *8. Under a false certification theory, the court explained, "someone falsely represents compliance with a material requirement that there be no AKS violation in connection with the claim." *Id*. at *7. The court continued that under this theory, "it is not the AKS violation itself that renders the claim false. Rather, it is the false representation that there is no AKS violation." *Id*.

In the present case, the government has asserted multiple theories of falsity that are independent of the 2010 amendment and even the AKS. *See* ECF No. 230 at 11-12. For example, the government maintains that PCCA made false statements of its AWPs that were material to false compound prescription claims in violation of 31 U.S.C. § 3729(a)(1)(B). *See* ECF No. 230 at 47-53. Specifically, PCCA's AWPs were false because they bore no rational relationship to the selling prices of PCCA products. *See id.* Separately, the government contends that PCCA's false AWPs and fraudulent course of conduct caused TRICARE to pay inflated amounts for compound claims with PCCA's products in violation of 31 U.S.C. § 3729(a)(1)(A). *See* ECF No. 230 at 47-53. These theories of falsity are not predicated on the AKS at all—let alone the 2010 amendment.

The government also asserts a false certification theory. PCCA caused the submission of claims to TRICARE that impliedly and falsely certified compliance with material statutory, regulatory, and contractual requirements, i.e., the AKS, TRICARE regulations, and ESI provider agreements. *Id*. at 52. The *Regeneron* court made clear that this type of false certification theory is a "pathway" to falsity separate from the 2010 amendment. 2025 WL 520466, at *8. This Court

2

may thus grant summary judgment on these alternate theories of falsity without addressing the meaning of the 2010 amendment. *See* ECF No. 244 at 6-7.

To the extent this Court reaches the government's falsity theory based on the 2010 amendment (*see* ECF No. 230 at 39, 43-46), the *Regeneron* decision is not binding precedent. The Fifth Circuit has not ruled on the meaning of the "resulting from" language in the amendment, and this Court has previously noted that it was "neither bound nor persuaded by" the Eighth Circuit's reasoning in adopting the but-for causation standard. *See United States ex rel. Hueseman v. Pro. Compounding Ctrs. of Am., Inc.*, 664 F. Supp. 3d 722, 741 n.4 (W.D. Tex. 2023) (citing *United States ex rel. Cairns v. D.S. Med. LLC*, 42 F.4th 828, 831 (8th Cir. 2022)).[1]

As the government has explained in its prior briefing, the 2010 amendment does not require but-for causation. *See* ECF No. 230 at 43-45; *see also* ECF No. 244 at 26-27. If a kickback or remuneration is offered or paid to induce the purchase of particular items, and that result comes to pass—i.e., those items are purchased or provided—a claim seeking reimbursement for those items is "a claim that includes items or services resulting from" the kickback and is false within the meaning of § 1320a-7b(g). *See United States ex rel. Wheeler v. Union Treatment Ctrs., LLC*, No. CV SA-13-CA-4-XR, 2019 WL 571349, at *5 (W.D. Tex. Feb. 12, 2019).

Regardless, even if the but-for standard applies, PCCA's conduct in this case plainly satisfies it. *See* ECF No. 230 at 45-46; ECF No. 244 at 27. Instead of showing that PCCA's pharmacy customers would have purchased its products "anyway," as Regeneron had argued, PCCA's President and Rule 30(b)(6) corporate representative testified that if PCCA had not offered

---

[1] PCCA makes much of the fact that there is now a "3:1 circuit split" in favor of the but-for standard. But none of these decisions are binding on this Court. And many courts (including the Third Circuit) have rejected the but-for standard. *See* ECF No. 230 at 45 nn.6 & 7 (citing *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 98 (3d Cir. 2018) and collecting other authority).

inflated AWPs, PCCA's customers would not have purchased its products, and PCCA would have lost market share and gone out of business. *See* ECF No. 244 at 27 (collecting testimony). Without PCCA's inflated AWPs, PCCA's pharmacy customers would neither have purchased its products nor submitted compound prescription claims seeking inflated reimbursement for the 13 PCCA products at issue in this litigation. Thus, PCCA's inflated AWPs and resulting mega-spreads (i.e., kickbacks) were "the but-for cause of the submitted claim[s]" at issue in this case. *See Regeneron*, 2025 WL 520466, at *10.[2]

For all of these reasons and those stated in prior briefing and argument, the Court should grant the government's motion for partial summary judgment.

Dated: February 21, 2025.                                   Respectfully submitted,

| | |
|---|---|
| MARGARET LEACHMAN | BRETT A. SHUMATE |
| Acting United States Attorney | Principal Deputy Assistant Attorney General |
| Western District of Texas | Civil Division |
| | |
| */s/ Mary F. Kruger* | */s/ Sanjay Bhambhani* |
| MARY F. KRUGER | JAMIE A. YAVELBERG |
| Assistant United States Attorney | NATALIE A. WAITES |
| Georgia Bar No. 6282540 | SANJAY BHAMBHANI |
| 601 N.W. Loop 410, Suite 600 | NATHAN P. GREEN |
| San Antonio, Texas 78216 | JOHN M. DECK |
| Tel: (210) 384-7360 | F. ELIAS BOUJAOUDE |
| Fax: (210) 384-7322 | Attorneys, Civil Division |
| | Commercial Litigation Branch |
| | U.S. Department of Justice |
| | Post Office Box 261 |
| | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 307-0804 |
| | sanjay.bhambhani@usdoj.gov |

*Attorneys for the United States of America*

---

[2] The government also notes the recent opinion in *Wisconsin Bell, Inc. v. United States, ex rel. Heath*, No. 23-1127, 2025 WL 567337, -- S. Ct.-- (U.S. Feb. 21, 2025), where the Supreme Court held that reimbursement requests submitted to the E-Rate program are "claims" under the FCA. *Id*. at *2.

## CERTIFICATE OF SERVICE

I certify that, on February 21, 2025, I served the foregoing document via CM/ECF on all counsel of record registered to receive CM/ECF notifications.

*/s/ F. Elias Boujaoude*
F. ELIAS BOUJAOUDE