UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| *ex rel.* PETER HUESEMAN, § | |
| Plaintiff, § | |
| § | |
| v. § | CASE #: 5:14-cv-00212-XR |
| § | |
| PROFESSIONAL COMPOUNDING § | |
| CENTERS OF AMERICA, INC., § | |
| Defendant. § | |

**DEFENDANT PCCA'S RESPONSE
TO UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

This pleading responds to the United States' Notice of Supplemental Authority (Doc. 261). In a pleading that reads much more like a "cut and paste" reiteration of its summary judgment briefing the Government argues that the Fifth Circuit's March 28, 2025 decision reversing the Final Judgment of this Court in the case of *United States ex rel Montcrief v. Peripheral Vascular Assocs.,* P.A., No. 24-50176, 2025 WL 939890 (5th Cir. Mar. 28, 2025)[hereinafter "*Montcrief*"] actually supports one of the numerous arguments it has raised in its pending summary judgment motion. Doc. 230.

For the following reasons and based on the following cited authorities, the exact opposite is true. *Montcrief* illustrates on the substantive law that any decision to decide hotly contested issues as a matter of law is fraught with the possibility of appellate reversal. The binding precedent of both the Supreme Court's *Celotex* trilogy and the Fifth Circuit's implementation of that progeny make it crystal clear that, when as here a party bears the burden of proof on an issue or element of a cause of action, then summary judgment is appropriate if and only if the movant can "establish beyond peradventure" that the undisputed material facts support its motion. *Id.* citing *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021), which cites and quotes *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). That is certainly not the case here.

Moreover, *Moncrief* further demonstrates that *judicial economy,* particularly with regard to a case that has been pending for this long and in a frequently changing[1] legal environment, would be best served by a simple DENIAL of the Government's Motion for Summary Judgment, without prejudice, of course, to either side raising the legal issues addressed by that motion via JMOL at the conclusions of one or both parties' evidentiary cases in chief. For these reasons, PCCA is attaching a simple proposed ORDER to that effect to this Response.

**<u>Argument and Authorities</u>**

In all candor, PCCA's counsel would ordinarily not write any more than the foregoing in a pleading that purports to be a "Notice of Supplemental Authority" or Response thereto. However, the nature of the Government's own pleading seems to necessitate a slightly more substantive joinder on the issues/arguments raised by the Government's pleading. Therefore, with apologies, we would further show the Court the following:

1. <u>The Government Ignores Several Critical Holdings of the *Moncrief* Court.</u> "<u>Knowing</u>" <u>Falsity:</u> The Fifth Circuit addressed, not one, but two different summary judgment rulings by this Court on the issue of "falsity" and "knowing" violation of the FCA. For obvious tactical reasons, the Government Notice focuses exclusively on the affirmance of this Court's holding that the "Testing Only" claims at issue in that case were "false" as a matter of law and that they were "knowingly" filed is violation of the FCA. There were 2755 such claims at issue in that case and the total damages relating to them were $408,765, which was only 14.9% of the total damage award. But the Fifth Circuit reversed the summary judgment with regard to the 4625

---

[1] The Fifth Circuit's decision to reject the Supreme Court's lead *Escobar* opinion on materiality in favor of a subsequent Supreme Court decision is but one example of the ever-changing landscape. Judge Duncan's *Montcrief* concurrence addressing the unconstitutionality of the entire *Qui Tam* provisions of the FCA is another.

"Double Billing" claims, vacated the entire judgment (including the damages relating to the "Testing Only" claims) and remanded the entire case for yet another jury trial. As noted below, the evidence in this case stands in stark contrast to the "Testing Only" claims at issue in *Montcrief* and does not reach the "beyond peradventure" standard required for summary judgment in this Circuit.

Specifically, in *Montcrief*, the claim was that the defendant billed for services it had not yet performed. In PCCA, the claim is only that PCCA's listed AWPs – which are neither "average" nor "wholesale" nor "prices" at all -- were unreasonably high. Those are worlds apart. As the Government's pleading acknowledges, the Fifth Circuit said that the facts of *Montcrief* presented the "paradigmatic case" of a false claim. The gravamen of the facts of this case, by contrast, amount only to a claim that PCCA "made up" higher AWPs for industry publications.

Thus, it is neither "paradigmatic" nor "beyond peradventure."

2.  <u>Knowing – Scienter</u>:  As PCCA's lengthy Response to the Government's Motion addresses in the very first section, "scienter" is almost always a fact question for the Jury to determine. Although it is dated, the most succinct guidance on point is still the Fifth Circuit's 1991 decision in *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257 (5th Cir. 1991)("When state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility."). More recent citations from both the Supreme Court and this Court underscore the importance of having actual evidence of real scienter. See e.g. *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023); and *United States ex rel. Wheeler v. Union Treatment Centers, LLC*, No. CV SA-13-CA-4-XR, 2019 WL 571349, at *7 (W.D. Tex. Feb. 12, 2019).

In this case, the Government has absolutely no evidence of actual scienter on the part of PCCA, much less evidence "beyond peradventure." Rather, here as in *Montcrief,* the Government

asks the Court to "mix and match" snippets from several manuals or guidance documents. That was the very thing that the *Montcrief* court criticized with regard to this evidence.

3.    Damages:  The Government's Motion seeks to have this Court enter a damages award based on the hearsay testimony of its hired expert witness, without cross examination and with disregard for the conflicting proof from PCCA in the summary judgment record. Here is what the *Montcrief* Court said about that issue:

> All told, the damages award was based on calculations by a witness that were not presented to the jury and were contested by an opposing witness, Relators did not cite trial evidence supporting the calculations, and the district court expressly determined that the trial record did not contain sufficient evidence from which to calculate damages. We thus hold that the district court should have granted a new trial on damages with respect to the Testing Only claims.

*Id.* The Government's Motion seeks similar "summary" procedures for establishing damages; the law requires evidence of damages at **trial.**

4.    Falsity:  The lynchpin of the Government's evidence in the case at bar is the undisputed fact that, in 2012, PCCA increased some, but hardly all, of its published AWPs to a level of 95% of the published AWP's of its chief competitors with regard to those same products. It couples this undisputed fact with a totally unprecedented legal argument that such publication is "false" – as a matter of law -- because those AWPs "bore no rational relationship to the actual acquisition prices."

The problem with this argument is that there is absolutely no legal authority establishing a *requirement* that AWPs must bear a "rational relationship" to anything whatsoever, much less specifically to "acquisition costs" or pricing. No statute. No regulation. No binding or even precatory regulatory "guidance." Nothing. Moreover, the "rational relationship" contention is much more akin to a *negligence* case than to a False Claims Act case.

-4-

The evidence is undisputed that, historically PCCA had used a formula for setting AWPs. They were 3x the "acquisition prices" of the drugs. In 2012, they adopted a different formula for the AWPs on those 50 or so products with regard to which their competitors were now publishing much higher AWPs than PCCA. PCCA's economics expert has opined that this was a perfectly logical, *reasonable* thing for any company in a capitalistic system to do, and the Jury could certainly believe his testimony and Jim Smith's testimony about why he made the decision to meet competition with higher published AWPs on some products. Therefore, even IF the law required a "rational relationship" PCCA could obtain a favorable verdict if the Jury so found.

But, even IF the Jury believed the Government's argument that a "reasonable company" in PCCA's position should not have published the higher AWP's to compete with competition, that level of culpability, i.e. *negligence,* would not be sufficient to establish "falsity" under the FCA.

And, finally, the Government totally ignores the contrary "AWP" evidence laid out with great specificity in PCCA's Response. Doc. 242. Not one witness from the Government has testified that he/she is aware of any "authoritative" requirement on what an AWP should or must be. Not one. Moreover, as the top executive in charge of the Government's pharmaceutical reimbursement program testified, the "running joke" within the entire industry was that "AWP stands for 'ain't what's paid.'"

For these reasons, the Government's evidence with regard to "falsity" falls woefully short of the "beyond peradventure" standard required for summary judgment in this Circuit.

## Conclusion

Any reasonable reading of the *Montcrief* opinion compels a conclusion that, for both substantive legal reasons and concerns about "judicial economy", this Court should simply deny the Government's Motion for Summary Judgment and set this case for Jury Trial. PCCA urges the Court to enter the enclosed proposed ORDER, or something very similar to it and put this 11-year-old case on a pathway to the earliest possible resolution.

Respectfully submitted,

**VICKERY & SHEPHERD, LLP**

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
10000 Memorial Drive, Suite 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
*Lead Counsel for Defendant*

Vanessa D. Gilmore
Texas Bar No. 07960010
ROBERTS MARKLAND, LLC
2555 N. MacGregor Drive
Houston, TX 77014
Telephone: 713-630-0900
Facsimile: 713-630-0991
Email: vanessa@justiceseekers.com
*Co-Counsel for Defendant*
(Admitted *Pro Hac Vice*)

Johnny Sutton
Texas Bar No. 19534250
ASHCROFT LAW FIRM
919 Congress Ave., Suite 1325
Austin, TX 78701
Telephone: 512-370-1800
Facsimile: 512-397-3290
Email: jsutton@ashcroftlawfirm.com
*Co-Counsel for Defendant*

<u>Certificate of Service</u>

I hereby certify that on April 11, 2025, Defendant's Response to United States' Notice of Supplemental Authority was electronically filed with the Clerk of Court using the ECF system, that will send an email notification of such filing to the following counsel of record:

Jamie A. Yavelberg, Esq.
Commercial Litigation Branch
P. O. Box 261
Washington, DC  20044

Mary F. Kruger, Esq.
UNITED STATES ATTORNEY'S OFFICE
601 NW Loop 410 Suite 600
San Antonio, TX 78216

Sanjay M. Bhambhani, Esq.
John M. Deck, Esq.
DEPARTMENT OF JUSTICE
Civil Division, Room 3740
10th & Pennsylvania Ave., N.W.
Washington, DC  20530

Glenn Grossenbacher, Esq.
LAW OFFICE OF GLENN GROSSENBACHER
24165 IH-10 W., Suite 217-766
San Antonio, TX  78257-1160

John E. Murphy, Esq.
Attorney at Law
14439 NW Military Hwy., #108-133
San Antonio, TX  78231

Gary M. Grossenbacher, Esq.
ATTORNEY AT LAW
402 Vale Street
Rollingwood, TX  78746

Jason M. Idell, Esq.
IDELL PLLC
6800 Westgate Blvd., Suite 132
Austin, TX  78745

Rand J. Riklin, Esq.
GOODE CASSEB RIKLIN
CHOATE & WATSON, P.C.
2122 North Main Avenue
San Antonio, TX  78212-9680

Ronald E. Osman, Esq.
RONALD E. OSMAN & ASSOCIATES, LTD.
P. O. Box 939
Marion, IL  62959

Alicia M. Barrs, Esq.
BARNES & THORNBURG, LLP
2121 North Pearl Street, Suite 700
Dallas, TX  75201

Anthony J. Burba, Esq.
BARNES & THORNBURG, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michael A. Battle, Esq.
David A. Frazee, Esq.
BARNES & THORNBURG, LLP
555 12th St. NW, Suite 1200
Washington, DC 20004

Danielle Sgro, Esq.
F. Elias Boujaoude, Esq.
DOJ-Civ
175 N Street NE, Suite 9.212
Washington, DC  20002

<u>*/s/ Arnold Anderson Vickery*</u>
Arnold Anderson Vickery