UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> *ex rel.* PETER HUESEMAN, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PROFESSIONAL COMPOUNDING § <br> CENTERS OF AMERICA, INC., § <br> Defendant. § | CASE #: 5:14-cv-00212-XR |

**<u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>**

On this date the Court considered the Government's Motion for summary Judgment (Doc. 230), the Defendant PCCA's Response (Doc. 242), the entire summary judgment record, and the parties' arguments at the November 19, 2024 hearing. The Court also considered both parties' pleadings regarding the implications of the Fifth Circuit's March 28, 2025 decision in *United States ex rel Montcrief v. Peripheral Vascular Assocs.*, P.A., No. 24-50176, 2025 WL 939890 (5th Cir. Mar. 28, 2025). After careful consideration, the Court **DENIES** the Motion.

As *Montcrief* makes clear, the law in this Circuit is crystal clear. When as here, a party bears the burden of proof on an issue or element of a cause of action, then summary judgment is appropriate if and only if the movant can "establish beyond peradventure" that the undisputed material facts support its motion. *United States ex rel Montcrief v. Peripheral Vascular Assocs.*, P.A., No. 24-50176, 2025 WL 939890 (5th Cir. Mar. 28, 2025); *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The Government's Motion for Summary Judgment, Doc. 230, is hotly contested, on both the law and the facts, by Defendant PCCA. The Court has carefully considered the extensive summary judgment evidence and the briefs and arguments of counsel for both sides and finds and

concludes at this point in time that the Government's evidence does not establish any of the elements of its case "beyond peradventure."

Accordingly, the Court DENIES the Motion for Summary Judgment, Doc. 230, without prejudice to the legal and factual arguments being reasserted by either side via JMOL at the conclusion of either or both parties' cases in chief.

This case is set for JURY TRIAL on _____.

**SIGNED** this \_\_ day of _____, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE